UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to Cases Listed on Exhibit A | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**CASE MANAGEMENT ORDER NO. 97**
**(Dismissal of Cases of Participating Claimants)**

The global Settlement Program is well underway, with the Court having entered multiple orders dismissing with prejudice cases brought by Claimants who have been issued payment by the Settlement Administrator, BrownGreer. *See, e.g.*, ECF No. 4089. To further facilitate an efficient and timely resolution of the Settlement Program, the Court now enters this Order dismissing the cases of all Participating Claimants in the Settlement Program who have been issued a Final Award Notice and are simply awaiting payment pursuant to the Master Settlement Agreements ("MSAs") between Defendants and the Negotiating Plaintiffs' Counsel ("NPC").

In summary, the Master Settlement Agreement for Verdict Cases (MSA II) has been fully implemented, with those 13 Plaintiffs having been paid in full a total of $135,009,774.75 and their cases having been dismissed with prejudice. The Master Settlement Agreement for Wave Cases (MSA III) has also been fully

implemented, with the Settlement Administrator and Allocation Special Master, Matt Garretson, having reviewed and processed to Final Notices the Base Payments, Recorded Tinnitus Payments, and Point-Based Awards of the Wave Case Claimants, resulting in the payment of $101,600,000 in Base Payments to the 1,595 Wave Case Claimants, $28,280,000 in Recorded Tinnitus Payments to the 1,414 Wave Case Claimants who qualified, and $79,709,993.26 Point-Based Awards to the 1,175 qualifying Wave Case Claimants.  Those Awards have been paid, with the exception of $273,624.50 withheld for Healthcare Liens, and all cases of those Wave Case Claimants have been dismissed with prejudice.[1]  In addition, the Settlement Administrator has issued Final Award Notices to the 626 Wave Case Claimants who submitted Applications for Extraordinary Injury Awards for a total of $12,051,139.08, of which $7,388,388.53 has been paid to 297 Claimants.  The other 234 Claimants who qualified for an Extraordinary Injury Fund ("EIF") Award but are not yet paid (because of Healthcare Liens, no payment election by the Claimant, or a 50% Rule violation) will be paid by April 30, 2025.  Further, the Settlement Program has issued Notices to the 1,174 Wave Case Claimants who were assigned Point-Based Awards of their Additional Point-Based Payment from the residual funds from the MSA III EIF set-aside, and those payments, which total $23,749,048.55, will begin the week of January 6, 2025.

---

[1] There is one Wave Case in Minnesota state court that is expected to be dismissed soon.

Case No. 3:19md2885/MCR/HTC

Considerable progress also has been achieved for the 251,322 Participating MSA I Expedited Payment Program ("EPP") and Deferred Payment Program ("DPP") Claimants. To date, 113,717 EPP Claimants have been paid, and their cases have been dismissed with prejudice. Additionally, 14,450 DPP Claimants have been paid a Registration Payment, and those cases have been dismissed with prejudice.[2] All other DPP Claimants will be paid a Registration Payment if they have satisfied the eligibility requirements of the Allocation Methodology or will be processed to a final denial of that payment. Of the remaining 118,750 EPP Claimants with pending lawsuits, 117,938 have been issued Final Award Notices, while 812 need a Final Award Notice to complete the processing of their Award.[3] The overwhelming majority of these EPP Claimants will be paid from the Defendants' January 15, 2025 and April 15, 2025 deposits.[4] As a result, by early May 2025, all Participating

---

[2] The Settlement Administrator and Allocation Special Master expect to begin processing DPP Points reviews in early January 2025 and issue the first Initial DPP Point-Based Award Notices in February 2025, leading to payment of the first DPP Point-Based Awards in October 2025 after the first DPP Point Value Calculation Date in the Allocation Methodology on October 1, 2025.

[3] Of the 812 EPP Claimants with no Final Award Notice, 31 have not submitted a Release acceptable to Defendants; 25 have no Initial Notice for reasons attributable to the Claimant; 159 have an Initial Notice but are within their 30-day window to request Reconsideration; and 597 are in Reconsideration and will be finished soon.

[4] The 77,264 EPP Claimants in FIFO Group V with MDL cases will be paid from the January 15, 2025 deposit, and the 40,600 in FIFO Group VI will be paid from the April 15, 2025 deposit, for a total of 117,864 MDL EPP Claimants in those two FIFO Groups. Exhibit A to this Order includes those Claimants, together with (1) 3,629 DPP Claimants who will be paid or finally denied a Registration Payment, and (2) 74 EPP Claimants who have not yet been paid because of an impediment the Claimant needs to resolve.

Claimants will have received, been assigned, or finally denied a Settlement Payment of some type.

With the Settlement Program functioning well, including settlement payments being issued promptly and correctly, it now is clear that all MSA I Participating Claimants whose lawsuits remain pending will be paid the amounts they are due under MSA I as soon as the Settlement Program has the funds to do so in accordance with the MSA I payment schedule, which removes any need to await the dismissal of cases until payment.  Indeed, since the time of the global settlement, pursuant to which the Defendants agreed to pay the full settlement amount under the MSA I payment schedule and, in turn, the Participating Claimants executed *irrevocable* releases and stipulated dismissals of their cases with prejudice, there has been no controversy or dispute between the Parties requiring resolution by the Court.[5]

Accordingly, it is **ORDERED** that:

1. The Claimants' cases identified on Exhibit A are hereby **DISMISSED WITH PREJUDICE**; however, the dismissals do not impact Claimants' rights to receive any future Settlement Award payment(s) for which they are eligible under

---

[5] All Participating Claimants were required by Sections 5.2.3–4 & 5.5 of MSA I or Sections 6.3.4–5 & 6.9 of MSA III to submit a signed, *irrevocable* Release and a stipulated Dismissal with Prejudice of their pending case.  Originally, the Defendants were filing individual dismissals in pending suits after Claimants received Awards.  To improve upon the efficiency of that dismissal process, and with input of the Parties, beginning with an Order on August 20, 2024 (ECF No. 4089), the Court has directed the dismissal of such cases in omnibus orders listing all the cases ready for dismissal at such time.

Case No. 3:19md2885/MCR/HTC

the MSAs. To ensure that MSA I is enforced fully, the Court retains jurisdiction to reopen and reinstate any of these cases until such time as the Claimants have been paid in full or have had the opportunity to be paid a Settlement Award.

2. The Clerk is directed to enter a copy of this Order on the main MDL docket, at which point the dismissal is effective as to the cases on Exhibit A. The Clerk also is directed to enter a copy of this Order without Exhibit A attached on the individual dockets of these cases and close the cases in their entirety for all purposes. The presence of this Order in the individual docket of a case reflects that the plaintiff(s) and such case were identified on Exhibit A to this Order.

**SO ORDERED**, on this 30th day of December, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**